UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. SCHACHT,

          Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.
_____/

Case No. 15-10251

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 28);
(2) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 24);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 21);
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 20);
AND (5) DISMISSING THE CASE

On May 5, 2016, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation addressing the outstanding motions in this action. (ECF No. 24). In the Report and Recommendation, the Magistrate Judge suggests that this Court deny Plaintiff David L. Schacht's Motion for Summary Judgment (ECF No. 21). Further, the Magistrate Judge recommends that this Court grant Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 20).

Now before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 28, Objections.) Defendant filed a timely reply. (ECF No. 30.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the

Court will deny Plaintiff's Objections, adopt the Magistrate Judge's Report and Recommendation, deny Plaintiff's motion for summary judgment, and grant the Defendant's motion for summary judgment.

## I. BACKGROUND

The Court notes that the Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the ALJ's decision and the Plaintiff's motion for summary judgment. The Court finds that there are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (ECF No. 21, at 2-11; Tr. 13-22.)

Briefly, in February 2010, Plaintiff filed his first application for disability insurance benefits and alleged a disability onset date on August 27, 2009. (Tr. 95.) On August 19, 2011, after an administrative hearing, ALJ Raymond L. Souza found that Plaintiff suffered from the severe impairments of "glossopharyngeal neuralgia; disorder of the neck and back; migraine headaches; and, depression." (Tr. 97.) ALJ Souza concluded that Plaintiff was not disabled within the meaning of the Social Security Act and had the residual functional capacity ("RFC")

> to perform light work ... except the claimant must avoid all exposure to hazardous machinery and unprotected heights. The claimant is limited to simple, routine, and repetitive tasks in a low stress work environment with only occasional decision making required and only occasionally changes in the work setting but no strict production quotas.

(Tr. 99.) On November 1, 2011, the Appeals Council denied review, making ALJ Souza's decision the final decision of the Commissioner. (Tr. 106-11.) Plaintiff did not appeal that decision.

2

Thereafter, on April 9, 2012, Plaintiff applied for disability insurance benefits a second time and alleged a disability onset date of January 26, 2012.[1]  (Tr. 20, 31, 182-83.)  His application was denied and he then requested a hearing before an ALJ.  (Tr. 141-47.)  Plaintiff, represented by counsel, appeared and testified before ALJ Michael R. Dunn on August 4, 2013.  (Tr. 26-55.)

On September 25, 2013, ALJ Dunn issued his decision and concluded that Plaintiff suffered from the severe impairments of "glossopharyngeal neuralgia, a chronic pain syndrome, depression, and anxiety."  (Tr. 16.)  ALJ Dunn determined that Plaintiff's

> impairments and symptoms have been essentially the same since the new amended onset date of January 26, 2012.  Because there is really no new and material evidence since the last decision was made [], the case of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) is applicable in this case.  I am finding that the claimant has essentially the same residual functional capacity as determined by Judge Souza.

(Tr. 18.)  ALJ Dunn then held that Plaintiff had the RFC

> to preform light work ... except that he is restricted to simple, repetitive unskilled work which would be at "SVP" level one or two as defined in the Dictionary of Occupational Titles, and which would not have fast-paced production requirements or few if any workplace changes, and only simple work-related decisions, and he cannot be exposed to unprotected heights or hazardous machinery.

(Tr. 17-18.)  ALJ Dunn then concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (Tr. 13-22.)

The Appeals Council denied request for review on November 19, 2014, making ALJ Dunn's decision the final decision of the Commissioner.  Thereafter, Plaintiff filed his appeal in

---

[1] Plaintiff originally alleged an onset date of August 16, 2012 but amended this alleged disability onset date to January 26, 2012 at the hearing.  (Tr. 13.)

this Court. (ECF No. 1.)

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (1994) ("Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards.").

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to the second inquiry – whether proper legal criteria were followed – a decision of the Commission supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. Indeed, "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (providing that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (citation omitted)).

Finally, the Court notes that a general objection that merely rehashes the argument previously made by the party is insufficient to alert this Court to any alleged error. Moreover, a party's objection that does nothing more than disagree with the Magistrate Judge's recommendation is not a proper objection. *See Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Slater v. Potter*, 29 F. App'x 512, 513 (6th Cir. 2002) ("the filing of vague, general or conclusory objections does not meet the requirement of specific objections and its tantamount to a complete failure to object.").

### III. ANALYSIS

Plaintiff identifies one general objection to the Magistrate Judge's Report and Recommendation regarding the Magistrate Judge's ultimate conclusion that there was substantial

evidence to support ALJ Dunn's decision to adopt the RFC from the earlier ruling. Plaintiff's single general objection is more accurately construed as three specific objections to the Report and Recommendation: (1) that the Magistrate Judge erred in failing to recognize that the ALJ's designation of Plaintiff's anxiety as a severe impairment constituted evidence of "changed circumstances"; (2) the Magistrate Judge erred when she required Plaintiff to show "material change" in his condition rather than merely "changed circumstances" as required in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (1997); and (3) that the Magistrate Judge erred in concluding the ALJ provided "good reasons" for discounting Dr. Veena Dua's July 30, 2013 Opinion Letter that stated Plaintiff's mental health had declined and his depression had increased in 2012 and 2013. The Court addresses each of these objections below.

      A.      Anxiety as a Severe Impairment

Plaintiff first argues that ALJ Dunn's designation of "anxiety" as a severe impairment, which ALJ Souza did not recognize as a severe impairment in the earlier ruling, is a tacit acknowledgment that his overall condition had deteriorated since the first adjudication. As an initial matter, the Court recognizes that Plaintiff did not raise this argument to the Magistrate Judge in the first instance, and ordinarily when a party fails to make an argument to the Magistrate Judge that argument is waived. *Murr v. United States*, 200 F.3d 895, 902 n .1 (6th Cir. 2000); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001). Regardless, however, the Court finds Plaintiff's claim of error is unpersuasive, as examined below.

As explained in *Drummond*, a subsequent ALJ is bound by an earlier ALJ's ruling regarding a claimant's RFC "absent changed circumstances." 126 F.3d at 842; *see also* AR 98-4(6) (SSA), 1998 WL 283902, * 3 (1998) (advising that adjudicators must adopt a finding of a

claimant's residual functional capacity "from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a findings ...."). Plaintiff relies upon the district court decision of *Salsgiver v. Comm'r of Soc. Sec.*, No. 1:11-CV-351, 2012 WL 2344095 (N.D. Ohio June 20, 2012) to support his argument that ALJ's designation of "anxiety" as a new "severe impairment," is evidence of changed circumstances under *Drummond*.  (Obj., at 14.) In *Salsgiver*, the District Court noted that a second ALJ had designated four other conditions as "severe impairments" that were not identified in an earlier ruling denying benefits and explained that "[w]hile the Court acknowledges that an ALJ's determination at step two of the disability evaluation process is judged under a *de minimis* standard, the ALJ's recognition of these additional severe impairments suggests that Plaintiff's overall condition had further deteriorated to some degree since the prior ALJ's ruling." *Salsgiver v. Comm'r of Soc. Sec.*, No. 1:11-CV-351, 2012 WL 2344095, at * 13.

*Salsgiver*, however, is distinguishable from the present case.  In *Salsgiver*, the District Court found the ALJ erred when he failed to offer "some explanation" as to why Plaintiff's condition remained unchanged during the intervening time period between the first disability ruling and the second. *Id.* ("Without such an explanation, the Court is unable to discern why the ALJ rejected the evidence [of changed circumstances] presented by Plaintiff.").  Yet, in the present action, the ALJ addressed the evidence Plaintiff alleged supported his worsened condition and the ALJ found it unavailing.  Indeed, Plaintiff's argument in the present case is that ALJ Dunn erroneously rejected Plaintiff's evidence of changed circumstances, not that ALJ Dunn failed to sufficiently address that evidence in the first place.  As the Defendant correctly

noted, "[a] claimant's severe impairment may or may not affect his or her functional capacity to work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, No. 00-10446-BC, 2004 WL 1765480, at * 5 (E.D. Mich., July 14, 2004) (examining the issue and noting that "the application of the requirement to establish 'severity' is quite 'lenient,' and generally it is 'employed as an administrative convenience to screen out claims that are 'totally groundless solely from a medical standpoint.'" (quoting *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988)). Thus, *Salsgiver* is unpersuasive and Plaintiff's objection is denied.

      B.      Incorrect Legal Standard

Plaintiff next objects to the Magistrate Judge's Report and Recommendation on the basis that she applied the wrong legal standard in connection with determining whether ALJ Dunn was bound by ALJ's Souza's earlier RFC under *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (1997). Plaintiff contends that the Magistrate Judge erroneously required that Plaintiff show a "material change" in his condition rather than just "changed circumstances" as provided in *Drummond*.

The Court has reviewed the Report and Recommendation and finds that the Magistrate Judge did not apply an incorrect legal standard. The Sixth Circuit has explained that reading *Drummond* and the subsequent Acquiescence Ruling 98-4(6) together, it is clearly established that "a subsequent ALJ is bound by the legal and factual findings of a prior ALJ unless the claimant presents new and material evidence that there has been either a change in the law or a change in the claimant's condition." *Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 425 (6th Cir. 2015). Here, the Magistrate Judge recited the proper standard described in *Drummond* and AR 98-4(6) and her analysis was consistent with that authority. (*See* ECF No. 24, at 10, *i.e.*,

concluding that "[t]he diagnosis of these three conditions do not constitute new and material evidence.")  The Magistrate Judge's use of the term "material change" a single time in the Report and Recommendation does not, by itself, evidence that Plaintiff was subject to a higher burden or standard.  *See also Blankenship*, 624 F. App'x at 426-27 (rejecting the claim that an ALJ erred in when he failed to consider new evidence of a worsening condition under *Drummond* and explaining, "Blankenship has failed to show how these five additional surgeries resulted in a qualitative, *material change* to her condition.  Absent such a showing, ALJ Dowd did not err in finding that these five additional surgeries tend to suggest that Blankenship's chronic foot problems, and treatment of those problems, continued to occur in the same pattern." (emphasis added).  Accordingly, Plaintiff's objection in denied.

    C.    Good Reasons

Finally, Plaintiff objects to the Magistrate Judge's finding that ALJ Dunn provided "good reasons" for giving less than controlling weight to Dr. Dua's July 2013 Opinion Letter.  The Court notes that Plaintiff does not pinpoint an error with the Magistrate Judge's analysis in this regard, but rather objects generally to the Magistrate Judge's conclusion and rehashes the exact arguments he earlier asserted.  Such an objection is improper.  *See Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Regardless, the Court finds that Plaintiff's objection is without merit.

As correctly noted by the Magistrate Judge, the "treating physician rule" requires that an ALJ give "controlling weight to a treating physician's opinion as to the nature and severity of the claimant's condition as long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

[the] case record." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014) (citation omitted). Where an ALJ gives less than controlling weight to a treating physician's opinion, then the ALJ must provide "good reasons" for that decision, and such reasons must "be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing SSR 96-2p, 1996 WL 374188, at * 5 (1996)); *see* 20 C.F.R. § 404.1527(d)(2).

Here, Plaintiff argues that the Magistrate Judge erred in concluding that ALJ Dunn properly gave less than controlling weight to Dr. Dua's July 2013 Opinion Letter. (Obj., at 18.) More specifically, the Magistrate Judge and ALJ Dunn found that Dr. Dua's conclusion that Plaintiff's mental health had declined and his depression had increased in 2012 and 2013 was inconsistent with her own contemporaneous progress notes; each of these medical notes stated that Plaintiff's "mood has been good and overall doing well." (*See* October 2, 2012 Appointment (Tr. 299); January 24, 2013 Appointment (Tr. 301); and June 27, 2013 Appointment (Tr. 307)). Plaintiff claims that these notations do not exist in the record. Despite Plaintiff's claims to the contrary, however, these notes are in the record under the headings "Review of Systems" or "ROS," and are accurately quoted by both ALJ Dunn and the Magistrate Judge. Moreover, the Court agrees with the Magistrate Judge's conclusion that ALJ Dunn set forth good reasons for giving less than controlling weight to Dr. Dua's July 2013 opinion, including the internal inconsistency that Dr. Dua found Plaintiff was in "good mood" and "overall doing well" in each of her appointments with him immediately prior to concluding on July 30, 2013 that Plaintiff's mental health had declined. (*See* Tr. 19-20.)

Plaintiff also appears to argue that ALJ Dunn improperly discounted her July 30, 2013 Opinion Letter because she was not a specialist and failed to note Dr. Dua's long time treatment of Plaintiff. (Obj., at 15.) However, the length of a treatment relationship is not dispositive under the "treating physician's rule," but is just one factor to consider. *See Gentry*, 741 F.3d at 723 (noting that the ALJ must consider certain factors "including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors." (citation omitted)). Here, ALJ Dunn noted one of the reasons he found Dr. Dua's opinion not controlling on the issue of Plaintiff's disability was that Dr. Dua's opinion regarding Plaintiff's mental status was contradicted Dr. Hugh Bray, a psychologist who was "more qualified to express an opinion on the claimant's mental health." (Tr. 20.) ALJ Dunn found that Dr. Bray's opinion, that Plaintiff was "only mildly impaired in the ability to maintain concentration, persistence, or pace" and assessed Plaintiff with a global assessment functioning level of 65 was "consistent with only mild symptoms and limitations," constituted medical evidence that contradicted Dr. Dua's July 30, 2013 opinion of disability and declining mental health. (*Id.*)

The Court agrees with the Magistrate Judge's conclusion that ALJ Dunn did not err in this regard because under the regulations ALJs "generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion source who is not a specialist." (ECF No. 24, at 14, quoting 20 C.F.R. § 404.1527(c)(5)). Thus, while Dr. Dua did have a long treatment history with Plaintiff; ALJ Dunn found her opinion was not controlling because it was not supported by her own contemporaneous notes or other medical evidence, and because that opinion was contradicted by the opinion of a mental health specialist.

11

These factors constitute "good reasons" for discounting Dr. Dua's conclusion that Plaintiff was disabled or that his condition had worsened. Thus, Plaintiff's objection is denied.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (ECF No. 28), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 24), DENIES Plaintiff's Motion for Summary Judgement (ECF No. 21), GRANTS Defendant Commissioner's Motion for Summary Judgment (ECF No. 20) and DISMISSES this action with prejudice.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 22, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2016.

s/Deborah Tofil
Case Manager